IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACQUELYN SCARBARY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGIA DEPARTMENT OF ) <br> NATURAL RESOURCES; MARK ) <br> WILLIAMS, in his official capacity ) <br> As the COMMISSIONER OF THE ) <br> GEORGIA DEPARTMENT OF ) <br> NATURAL RESOUSRCES; and ) <br> JUDSON TURNER, in his official ) <br> Capacity as the DIRECTOR of the ) <br> ENVIRONMENTAL ) <br> PROTECTION DIVISION of the ) <br> GEORGIA DEPARTMEN T OF ) <br> NATURAL RESOURCES, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION FILE NO. <br> 1:15-CV-02183-SCJ-AJB |

**DEFENDANT GEORGIA DEPARTMENT OF NATURAL RESOURCES'
<u>ANSWER AND DEFENSES</u>**

COMES NOW Georgia Department of Natural Resources ("DNR"),[1]

Defendant in the above-styled action, by and through counsel the Attorney General

---

[1] Defendants Williams and Turner have contemporaneously filed a Motion to Dismiss in Lieu of Answer because they are not proper parties to Plaintiff's claims.

of the State of Georgia, and within the time permitted by law, files this Answer and Defenses to Plaintiff's Complaint, showing this Court the following:

## FIRST DEFENSE

Plaintiff has failed, in whole or in part, to state claims upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's Complaint is or may be subject to dismissal, in whole or in part, for lack of subject matter jurisdiction.

## THIRD DEFENSE

Plaintiff's claims and remedies are or may be barred by the applicable statute of limitations and/or laches.

## FOURTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by sovereign immunity or Eleventh Amendment immunity.

## FIFTH DEFENSE

All actions taken by the Defendants with respect to Plaintiff were taken for legitimate, non-retaliatory business reasons.

### SIXTH DEFENSE

Defendant is not liable to Plaintiff because it has not retaliated against Plaintiff, nor has Defendant engaged in any otherwise unlawful practices in regard to Plaintiff.

### SEVENTH DEFENSE

Defendants Williams and Turner are not proper parties to Plaintiff's claims.

### EIGHTH DEFENSE

Plaintiff's claims may be barred to the extent said claims were not raised in any charges she may have filed with the Georgia Commission on Equal Opportunity or the Equal Employment Opportunity Commission.

### NINTH DEFENSE

Plaintiff's claims may be barred to the extent that Plaintiff failed to satisfy all jurisdictional and administrative requisites for those claims.

### TENTH DEFENSE

Defendant has acted at all times upon the existence of reasonable grounds of belief formed at the time and in light of all circumstances known to it.

### ELEVENTH DEFENSE

Plaintiff's claims for punitive damages are not cognizable under Title VII.

### TWELFTH DEFENSE

Plaintiff's claims for damages may be barred to the extent he has failed to mitigate her damages, the entitlement to which is expressly denied.

### THIRTEENTH DEFENSE

Plaintiff has failed to state a proper claim under the Georgia Whistleblower Act ("GWA"), O.C.G.A. § 45-1-4, because she cannot establish that she engaged in protected activity within the meaning of the statute.

### FOURTEENTH DEFENSE

Plaintiff's claim under the GWA is not cognizable because she cannot establish that Defendant retaliated against her in violation of the statute.

### FIFTEENTH DEFENSE

Defendant reserves the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation. Without waiving any defenses Defendant responds to Plaintiff's Complaint as follows:

### **JURISDICTION AND VENUE**

1.

Paragraph 1 of Plaintiff's Complaint is a statement by Plaintiff regarding jurisdiction and, as such, no response is required from Defendant. To the extent a

response is required, Defendant denies that it has violated Plaintiff's rights in any way or that she is entitled to any relief whatsoever from Defendant.

2.

Paragraph 2 of Plaintiff's Complaint is a statement by Plaintiff regarding venue and, as such, no response is required from Defendant. To the extent a response is required, Defendant denies that it has violated Plaintiff's rights in any way or that she is entitled to any relief whatsoever from Defendant.

## **PARTIES**

3.

Defendant admits the allegations in paragraph 3 of the Complaint.

4.

Defendant admits the allegations in paragraph 4 of the Complaint.

5.

Defendant denies that the Court has personal jurisdiction over Defendant Williams for the reasons stated in Defendant Williams' Motion to Dismiss in Lieu of Answer. Defendant admits the remaining allegations in paragraph 5 of the Complaint.

6.

Defendant denies that the Court has personal jurisdiction over Defendant Turner for the reasons stated in Defendant Turner's Motion to Dismiss in Lieu of Answer. Defendant admits the remaining allegations in paragraph 6 of the Complaint.

**FACTS**

7.

Defendant admits the allegations in paragraph 7 of the Complaint.

8.

Defendant denies the allegations in paragraph 8 of the Complaint.

9.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint. Specifically, Defendant is unaware of what information Plaintiff became aware in 2011 regarding leadership positions within the Environmental Protection Division ("EPD").

10.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

Case 1:15-cv-02183-SCJ-AJB   Document 6   Filed 07/10/15   Page 7 of 16

11.

Defendant denies the allegations in paragraph 11 of the Complaint.

12.

Defendant denies the allegations in paragraph 12 of the Complaint.

13.

Defendant denies the allegations in paragraph 13 of the Complaint.

14.

Defendant admits that Plaintiff was placed in the Emergency Response Network ("ERN") in 2011. To the extent paragraph 14 implies that Plaintiff received a position as a result of sending nude photos of herself to Mr. Campbell in 2011, Defendant denies such allegation.

15.

Defendant admits that Plaintiff served with the ERN from 2011 to 2013.

16.

Defendant admits that Plaintiff developed experience responding to hazardous waste sites and helping to oversee the cleanup of such sites. Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17.

Defendant admits the allegation in paragraph 17 of the Complaint.

18.

Defendant admits the allegation in paragraph 18 of the Complaint.

19.

Defendant denies as written the allegation in paragraph 19 of the Complaint.

20.

Defendant denies the allegations in paragraph 20 of the Complaint.

21.

Defendant denies the allegations in paragraph 21 of the Complaint.

22.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.

Defendant denies the allegations in paragraph 23 of the Complaint.

24.

Defendant admits the allegation in paragraph 24 of the Complaint.

25.

Defendant denies the allegations in paragraph 25 of the Complaint.

26.

Defendant denies the allegations in paragraph 26 of the Complaint.

27.

Defendant denies the allegations in paragraph 27 of the Complaint.

28.

Defendant admits the allegation in paragraph 28 of the Complaint.

29.

Defendant denies the allegations in paragraph 29 of the Complaint.

30.

Defendant denies the allegations in paragraph 30 of the Complaint.

31.

Defendant denies the allegations in paragraph 31 of the Complaint.

32.

Defendant admits that Plaintiff reported an incident regarding Mr. Campbell to Mr. Reuland on or about March 31, 2014, including her allegation that she sent nude photos of herself to Mr. Campbell in order to help her secure a permanent position on the ERT.  Defendant denies the remaining allegations in paragraph 32 of the Complaint.

33.

Defendant admits that Plaintiff was interviewed by Mr. Harris and Stacey Jones, who worked in Human Resources. Defendant denies the remaining allegations in paragraph 33 of the Complaint.

34.

Defendant denies the allegations in paragraph 34 of the Complaint.

35.

Defendant admits the allegations in paragraph 35 of the Complaint.

36.

Defendant admits the allegations in paragraph 36 of the Complaint.

37.

Defendant admits the allegations in paragraph 37 of the Complaint.

38.

Defendant admits that Plaintiff was interviewed for approximately two hours by the GBI investigator.

39.

Defendant admits that Plaintiff was not administered a polygraph exam following her interview. Defendant denies the remaining allegations in paragraph 39 of the Complaint.

40.

Defendant is without sufficient knowledge or information to form a belief as to when Plaintiff learned that Mr. Campbell gave copies of the nude photographs to Mr. Harris, Ms. Jones, and the GBI investigator during the course of the investigation into her allegations.  Defendant denies the remaining allegations in paragraph 40 of the Complaint.

41.

Defendant admits that Plaintiff emailed Mr. Harris on June 16, 2014 regarding the investigation.  Defendant denies the remaining allegations in paragraph 41 of the Complaint.

42.

Defendant denies the allegation in paragraph 42 of the Complaint.

43.

Defendant admits the allegations in paragraph 43 of the Complaint.

## SUBSTANTIVE CLAIMS

## TITLE VII RETALIATION

44.

Defendant incorporates by reference its previous responses as if fully set forth herein.

45.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.

Defendant admits the allegation in paragraph 46 of the Complaint.

47.

Defendant admits the allegation in paragraph 47 of the Complaint.

48.

Paragraph 48 is a statement regarding Title VII law and, as such, no response is required from Defendant.  To the extent a response is required, Defendant denies that it has retaliated against Plaintiff in violation of Title VII.

49.

Defendant denies the allegation in paragraph 49 of the Complaint.

50.

Defendant denies the allegation in paragraph 50 of the Complaint.

51.

Defendant denies the allegation in paragraph 51 of the Complaint.

## GEORGIA WHISTLEBLOWER ACT

52.

Paragraph 52 is a statement regarding Georgia's whistleblower law and, as such, no response is required from Defendant. To the extent a response is required Defendant denies that it has retaliated against Plaintiff in violation of O.C.G.A. § 45-1-4, *et seq*.

53.

Paragraph 53 is a statement regarding Georgia's whistleblower law and, as such, no response is required from Defendant. To the extent a response is required Defendant denies that it has retaliated against Plaintiff in violation of O.C.G.A. § 45-1-4, *et seq*.

54.

Defendant denies the allegations in paragraph 54 of the Complaint.

55.

Defendant denies the allegations in paragraph 55 of the Complaint.

56.

Defendant denies the allegations in paragraph 56 of the Complaint.

57.

Defendant denies the allegation in paragraph 57 of the Complaint.

58.

Defendant denies the allegation in paragraph 58 of the Complaint.

The final section of Plaintiff's Complaint consists of Plaintiff's requests for relief to which no response is necessary from Defendant. To the extent this section implies that Plaintiff is entitled to relief from Defendant, Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant.

Defendant denies any allegation contained in Plaintiff's Complaint that is not specifically admitted or denied herein.

WHEREFORE, having answered fully, Defendant hereby prays that it be discharged with all costs taxed against Plaintiff.

Respectfully submitted, this 10th day of July, 2015.

SAMUEL S. OLENS           551540
Attorney General

DENNIS R. DUNN            234098
Deputy Attorney General

s/Annette M. Cowart
ANNETTE M. COWART         191199
Senior Assistant Attorney General

s/Romy D. Smith
ROMY D. SMITH             265454
Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

        Telephone No: (404) 463-1064  
        Facsimile:     (404) 657-9932  
        Email:  rsmith2@law.ga.gov

Please serve:  
ROMY D. SMITH  
Assistant Attorney General  
Georgia Department of Law  
40 Capitol Square, S.W.  
Atlanta, Georgia 30334-1300  
Telephone No.  (404) 463-1064  
Facsimile:     (404) 657-9932  
Email:  rsmith2@law.ga.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JACQUELYN SCARBARY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| v. | ) | **1:15-CV-02183-WSD-AJB** |
| | ) | |
| **GEORGIA DEPARTMENT OF** | ) | |
| **NATURAL RESOURCES;** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2015, I caused to be electronically filed the foregoing **DEFENDANT DNR'S ANSWER AND DEFENSES** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following counsel of record:

> James E. Radford
> james@decaturlegal.com

> *s/ Romy D. Smith*
> Attorney for Defendants

16