**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JACQUELYN SCARBARY,** )<br>)<br>    **Plaintiff,**            )<br>)<br>                                    )   **CIVIL ACTION FILE NO.**<br>**v.**                               )   **1:15-CV-02183-SCJ-AJB**<br>)<br>**GEORGIA DEPARTMENT OF** )<br>**NATURAL RESOURCES,**    )<br>)<br>    **Defendant.**          )<br>_____ ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

(a)    Describe briefly the nature of this action.

Plaintiff Jackie Scarbary, a former employee of Georgia Department of Natural Resources ("DNR") Environmental Protection Division ("EPD"), contends that she was retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Georgia Whistleblower Act, O.C.G.A.§ 45-1-4, *et seq*. Defendants deny Plaintiff's claims.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's summary:**

Plaintiff's summary of the facts is contained in paragraphs 7-43 of her Complaint, which she hereby incorporates by reference.

**Defendant's summary:**

Plaintiff began working for DNR in 1999.  On or about March 31, 2014, Plaintiff reported to David Reuland, a Program Manager for Response Development Unit 3 at the time, that she intended to file a sexual harassment claim against Jerry Campbell, who had managed the Emergency Response Team ("ERT") since April 2013.  Plaintiff told Mr. Reuland that Mr. Campbell asked her to send him nude pictures of herself, and that she felt pressured to send the pictures to help secure a permanent position on the ERT, a position for which she had applied and Mr. Campbell would be responsible for selecting the team members.  Mr. Reuland reported Plaintiff's statement to his supervisor, Derrick Williams.  Mr. Williams contacted Randy Harris in Human Resources.

As a result of Plaintiff's allegations, Mr. Harris began an investigation in April 2014.  During the investigation, Mr. Harris interviewed Plaintiff and Mr. Campbell.  During her interview, Plaintiff alleged that the pictures were solicited within the past year, during a time when Mr. Campbell was making the selections for the ERT.  During his interview, Mr. Campbell admitted to having received

nude pictures from Plaintiff in 2011; however, he denied that he solicited the pictures. Due to conflicting testimony between Plaintiff and Mr. Campbell regarding the timeline of events, a polygraph test was recommended by Mr. Harris and approved by Mary Walker, the Assistant Division Director.

Plaintiff was interviewed by Agent Ben Hanson of the Georgia Bureau of Investigation ("GBI") on June 12, 2014. During her interview with Agent Hanson, Plaintiff admitted that the nude pictures were not sent in 2013; rather, the pictures were sent in 2011 during a time when Plaintiff was already on the ERT and Mr. Campbell was a co-worker not the manager of the ERT. Agent Hanson received copies of the emails from Plaintiff to Mr. Campbell and copies of the eighteen (18) pictures Plaintiff sent to Mr. Campbell in 2011. The email that contained the eighteen pictures was dated April 18, 2011, and titled, "take your heart medicine first." Plaintiff was not administered a polygraph examination by Agent Hanson.

Following the GBI interview, Mr. Harris recommended Plaintiff's termination from employment because he believed that Plaintiff misrepresented the circumstances under which the pictures were sent and when Plaintiff sent them. On June 18, 2014, Plaintiff was terminated from employment for being untruthful during an investigation.

Defendant denies Plaintiff's allegations and states that its actions were taken for legitimate, non-retaliatory reasons.

(c) The legal issues to be tried are as follows:

**Plaintiff's statement:**

1) Whether Plaintiff suffered retaliation for conduct protected by Title VII of the Civil Rights Act of 1964;

2) Whether Plaintiff suffered retaliation for conduct protected by O.C.G.A. § 45-1-4;

3) Whether Plaintiff is entitled to general and compensatory damages and if so, in what amount;

4) Whether Plaintiff is entitled to punitive damages and if so, in what amount.

**Defendant's statement:**

1) Whether Plaintiff can establish a prima facie case of retaliation under Title VII and/or O.C.G.A. § 45-1-4.

2) Whether Defendants can articulate legitimate, non-retaliatory reasons for taking action against Plaintiff.

3) Whether Plaintiff can establish that Defendants' non-retaliatory reason for its actions are pretextual.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

    None.

(2) Previously Adjudicated Related Cases:

    None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

    \_\_\_\_\_ (1) Unusually large number of parties
    \_\_\_\_\_ (2) Unusually large number of claims or defenses
    \_\_\_\_\_ (3) Factual issues are exceptionally complex
    \_\_\_\_\_ (4) Greater than normal volume of evidence
    \_\_\_\_\_ (5) Extended discovery period is needed
    \_\_\_\_\_ (6) Problems locating or preserving evidence
    \_\_\_\_\_ (7) Pending parallel investigations or action by government
    \_\_\_\_\_ (8) Multiple use of experts
    \_\_\_\_\_ (9) Need for discovery outside United States boundaries
    \_\_\_\_\_ (10) Existence of highly technical issues and proof

This case is not complex.

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties**:**

**Plaintiff:**    James Radford
            Radford & Keebaugh, LLC
            315 W. Ponce de Leon Ave.
            Suite 1080
            Decatur, Georgia 30030
            (678) 271-0302
            james@decaturlegal.com

**Defendant:**  Romy D. Smith
Assistant Attorney General
Georgia Department of Law
40 Capital Square, S.W.
Atlanta, GA  30334
404-463-1064
404-657-9932 (fax)

**4.    Jurisdiction:**

Is there any question regarding this court's jurisdiction?
__ Yes              _X_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.    Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

Defendants are not aware of any other parties who should be joined in this action.

(b) The following persons are improperly joined as parties:

The parties have stipulated that DNR is the proper Defendant in the case.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

It does not appear that the parties' names are inaccurately stated.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

None.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties do not object to serving initial disclosures.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.  **Discovery ends on December 7, 2015**.
Cases in this court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties intend to conduct discovery related to Plaintiff's claims, alleged

liability, and alleged damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties do not currently anticipate that additional time for discovery will be needed.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b)  Is any party seeking discovery of electronically stored information?

__X__ Yes        _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g. accessibility, search terms, date limitations, or key witnesses) as follows:

The parties recognize that electronically stored email communications may be relevant to the claims and defenses in this case.  However, other than email communications, the parties do not anticipate seeking discovery of other electronically stored information at this time.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF

files), Portable Document Format (PDF or native), method of production (e.g. paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties agree to produce any relevant electronically stored information on a CD and/or DVD.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Defendants anticipate the possible need for entry of a protective order, pursuant to Federal Rule of Civil Procedure 26, to protect from unnecessary dissemination personal information regarding employees of Defendant DNR other than Plaintiff and nude photographs of Plaintiff that are relevant to the case.

At this time, the parties do not anticipate the need for any additional orders.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 19, 2015, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:  Lead counsel (signature):

   Other participants:  None.

For defendant: Lead counsel (signature): s/*Romy D. Smith*

    Other participants: None.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:
    (__) A possibility of settlement before discovery.
    (X) A possibility of settlement after discovery.
    (__) A possibility of settlement, but a conference with the judge is needed.
    (__) No possibility of settlement.

(c) Counsel(X) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The parties have not set a date for the next settlement conference.

(d) The following specific problems have created a hindrance to settlement of this case.

None at this time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, 2015.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this court.


*s/ James E. Radford*                          *s/Romy D. Smith*
James E. Radford                             Romy D. Smith
State Bar No. 108007                  State Bar No. 265454

| | |
|---|---|
| Radford & Keebaugh, LLC | Assistant Attorney General |
| 315 W. Ponce de Leon Ave., Ste. 1080 | 40 Capitol Square, S.W. |
| Decatur, Georgia  30030 | Atlanta, Georgia 30324 |
| 678-271-0302 | 404-463-1064 |
| james@decaturlegal.com | rsmith2@law.ga.gov |
| Counsel for Plaintiff | Counsel for Defendant |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

IT IS SO ORDERED, this _____day of _____, 2015.


_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE